# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ORLANDO GELL-IREN,**

    Movant/Defendant,

vs.                                                                                        Civ. No. 99-83 LH/LCS
                                                                                                            Crim. No. 95-603 LH

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Movant/Defendant Orlando Gell-Iren's Motion to Vacate, Set Aside or Reduce Sentence, filed on January 19, 1999. Gell-Iren raised three claims for relief in his Motion. The Court, having considered the record and the memoranda submitted by the parties, proposes finding that the Motion is not well-taken and recommends that it be denied without an evidentiary hearing.

Gell-Iren was indicted for selling 10 ounces of 62% pure cocaine to an undercover agent. After his arrest, he initially confessed, while refusing to name any other individuals involved in the transaction. Later, through counsel, he filed an unsuccessful motion to suppress his confession, and testified at trial that he was set up and did not know he was selling heroin when the transaction took place. He now claims that, because his confession was suppressed, he had no chance of winning at trial, and his counsel should never have let him plead not guilty. He claims that had his counsel properly advised him as to the possibility of having his sentence reduced by

accepting responsibility for his crime, he would have chosen to plead guilty. He therefore seeks to withdraw his plea, plead guilty, accept responsibility and be resentenced.

Gell-Iren also claims that his counsel was ineffective for failing to move to dismiss the case before trial, and for failing to request a jury instruction during trial, on the grounds of outrageous government conduct, and for failing to request a jury instruction on entrapment.

In order to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's conduct fell below an objective standard of reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability that the result in the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In the present case, Gell-Iren contends that, because the evidence in his case was overwhelming, counsel should never have allowed him to proceed to trial. However, the right to go to trial belongs to the defendant, not to counsel. As long as counsel informs his client of all of his options and the potential consequences of each option, and gives the defendant a reasoned opinion of the likelihood of success of each option, counsel's effectiveness is not measured by whether the client made what, on hindsight, seems a bad choice.

In his motion, Gell-Iren contends that "[a]ccording to the record, counsel either advised [him] that he could proceed to trial and, even if he lost, he could obtain a reduction in his Base Offense Level for 'Acceptance of Responsibility', or ... counsel didn't advise [him] at all about acceptance of responsibility." [1] See Motion to Vacate, Set Aside, or Correct Sentence pursuant to

---

[1] The Court finds that the record does not support the Petitioner's first alternative. At his sentencing hearing, neither Gell-Iren nor his counsel contended that he should be allowed to accept responsibility; in fact, Gell-Iren continued to assert his innocence at that hearing. See Transcript of Proceedings, Sentencing, August 16, 1996, at p.4. Accordingly, the Court considers the alternative which is supported by the record: that his counsel simply didn't advise him of the possibility of accepting responsibility.

2

Title 28 U.S.C. Sec. 2255 at p.3. Construing the motion liberally as required by *Haines v. Kerner,* 404 U.S. 519 (1972), Gell-Iren's claim is that his counsel did not adequately advise him of his options, including the option of pleading to the indictment and accepting responsibility for his crime. He also claims that there is a reasonable possibility that, had he been properly advised, he would have pled guilty, accepted responsibility for his crime, and received a lesser sentence.

In analyzing counsel's conduct, the Court presumes that counsel acts ethically. *See LeMay v Gudmanson*, 897 F.2d 1188, 1190 (E.D.Wis. 1995). When Gell-Iren testified at his trial, he asserted his innocence. Had counsel known Gell-Iren's testimony at trial would be false, counsel would have had an ethical obligation to either not allow him to testify or to withdraw from representing him. *Nix v. Whiteside,* 475 U.S. 157, 166-172 (1986). Since counsel did neither, the Court presumes that counsel was not aware that Gell-Iren's assertion of innocence was false. In addition, counsel's motion to suppress the confession shows that Gell-Iren asserted his innocence both before and during his trial. Faced with the consistent assertion of innocence by a client, it is not objectively unreasonable for counsel to forego explaining what would happen if the client were to accept full responsibility for the crime. Accordingly, the Court proposes finding that Gell-Iren's allegations do not meet the first prong of the *Strickland* test, and recommends that this claim be denied without an evidentiary hearing.[2]

---

[2]Even assuming *arguendo* that counsel should have advised Gell-Iren of the option of pleading guilty and accepting responsibility, it is highly unlikely that granting this Motion would benefit him. After his guilty plea, when he attempted to accept responsibility, his testimony at the previous trial would seriously impeach his credibility and his sincerity. *See* USSG Sec. 3E1.1 , comment 3:( [E]vidence [of the willingness to accept responsibility] may be outweighed by conduct of the defendant that is inconsistent with acceptance of responsibility.) Moreover, in accepting responsibility, Defendant would open himself to additional prosecution for perjury for his trial testimony.

Gell-Iren next contends that his trial counsel was ineffective for not more aggressively pursuing the defenses of outrageous government conduct and entrapment. Again applying the *Strickland* analysis, the movant must establish both that counsel's conduct was objectively unreasonable and that, but for counsel's unprofessional errors, there is a reasonable probability that the result in the case would be different. As to the outrageous conduct claim, the Tenth Circuit on direct appeal stated: "We see nothing outrageous in the government's conduct in this case." *United States v. Gell-Iren*, 146 F.3d 827, 831 (10th Cir. 1998). Because the Court of Appeals has already found that the government's conduct was not outrageous, there is not a reasonable probability that, had Gell-Iren's counsel moved to dismiss the case on these grounds, he would have been successful. As to the entrapment claim, because that defense would have contradicted Gell-Iren's testimony at trial, (which was that he did not know the substance he sold to the undercover agent was heroin), it was not objectively unreasonable for counsel to forego requesting a jury instruction on that issue.

Because the Court proposes finding that none of Gell-Iren's three claims meet both prongs of the *Strickland* test, it recommends that his Motion be denied without an evidentiary hearing.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b), file written objections. Those objections must be filed within the ten day period if the party desires further review; in the absence of timely filed objections, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
United States Magistrate Judge